UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIO CESAR MORALES−ROCHA,

Petitioner,

Case No. 1:26-cv-2411

v.

Honorable Jane M. Beckering

MATTHEW PUTRA,

Respondent.

______________________________/

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.8.) In an Order entered on August 27, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondent filed his response and a recording of the August 14, 2026, bond hearing on September 1, 2026, (Resp., ECF No. 6; Recording of Aug. 14,

2026, Bond Hearing, filed on Sept. 1, 2026), and Petitioner filed his reply on September 15, 2026, (ECF No. 8).

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2001. (Pet., ECF No. 1, PageID.6.) On July 18, 2026, ICE arrested Petitioner. (*Id.*)

On August 14, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 6-3, PageID.38.) At the conclusion of the August 14, 2026, hearing, the immigration judge denied Petitioner's request for bond because "[Petitioner has] failed to show that he's not a flight risk." (Recording of Aug. 14, 2026, Bond Hearing, at 9:42–9:48, filed on Sept. 1, 2026.) In a written order denying bond, the Immigration Judge stated, "Flight risk." (Immigration Order, ECF No. 6-3, PageID.38.)

## III. Analysis

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondent's arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## <u>Conclusion</u>

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate

dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: September 21, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge